## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JESSE C. PORTELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-CV-3339 |
| v. ) | |
| ) | |
| FILLA PAINTING, LTD. ) | |
| ) | |
| Registered Agent Gary Filla ) | |
| 603 Nora Street ) | |
| Washington, MO 63090 ) | |
| ) | |
| and ) | |
| ) | |
| GARY FILLA ) | |
| ) | |
| 603 Nora Street ) | |
| Washington, MO 63090 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Jesse Portell ("Plaintiff"), and for his Petition states as follows:

## INTRODUCTION

1.     This is an action for unpaid minimum wage compensation, unpaid overtime compensation, and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA").

2.     This is also an action for nonpayment of wages in contravention of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 et seq. ("MMWL"), and for breach of contract.

3.     Plaintiff demands a trial by jury on all issues so triable.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages pursuant to 29 U.S.C. § 206 et seq. Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States."

5. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendant's failure to pay Plaintiff his wages. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

6. All relevant actions of Plaintiff and Defendant occurred within the Eastern District of Missouri in the Eastern Division because Plaintiff and Defendant were residents of Franklin County, Missouri and the work that Plaintiff provided for Defendant was provided primarily in the Franklin County, Missouri as well as surrounding counties also in the Eastern District of Missouri. Plaintiff suffered the harms described herein in this District. Venue is therefore proper in this District.

## PARTIES

7. Plaintiff is a natural person currently residing in Franklin County, Missouri.

8. Defendant Filla Painting, LTD. ("Painting") is a Missouri entity that transacted business in Franklin County, Missouri during all times relevant to this Petition. LTD sells painting and drywall services to consumers and businesses.

9. LTD has, at all times relevant, been an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §203(b), because it purchases painting and drywall goods and supplies that have been produced in or moved in interstate commerce and it employs more than one employee.

10. At all relevant times, on information and belief, LTD was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

11. On information and belief, at all relevant times, LTD has had gross revenues in excess of $500,000.

12. Upon information and belief, Defendant Gary Filla ("Filla") is a natural person who resides or can be found in Franklin County, Missouri. Filla managed and operated LTD at all times relevant to this Complaint.

13. Upon information and belief, Filla was personally responsible for designing, implementing, and enforcing many of the policies that were the cause of Plaintiff's damages.

14. At all relevant times, LTD employed Plaintiff within the meaning of the FLSA.

15. In the alternative, LTD and Filla have jointly employed Plaintiff.

16. At all times relevant, Plaintiff worked as a painter and drywall hanger performing painting, taping, drywall hanging and other menial functions as directed by LTD and Filla.

17. Plaintiff did not manage any personnel, nor did he make any decisions about how LTD was operated.

18. LTD and Filla controlled all aspects of Plaintiff's job duties and description and his day to day tasks while Plaintiff worked for LTD and/or Filla.

19. LTD and Filla had the power to hire or fire Plaintiff.

20. LTD and Filla set Plaintiff's work schedule and rate of pay.

21. LTD and Filla were responsible for paying Plaintiff.

22. LTD and Filla reviewed and controlled Plaintiff's employment records, including all records pertaining to his rate of pay, compensation, and hours worked.

23. Plaintiff was not part of a union.

## FACTS

24. From June 1, 2018 through October 25, 2019, LTD and Filla had an agreement with Plaintiff whereby Plaintiff would work as a painter and drywall hanger for Defendants.

25. In exchange for Plaintiff's labor, Defendants agreed to compensate him at a set hourly rate.

26. In June of 2018, Plaintiff's standard rate was $20.00 an hour. For hours beyond 40 in any given work week, Plaintiff's overtime rate of pay would have been $30.00 an hour.

27. Plaintiff worked eight hours for Defendants on June 1, 2018 and five hours for Defendants on June 2, 2018, yet when Plaintiff received his first paycheck, it was for the period of June 4, 2018 to June 10, 2018.

28. Defendants had intentionally refused to pay Plaintiff for the hours Plaintiff worked on June 1 and 2, 2018.

29. Plaintiff confronted Defendants about not being paid for the two days worked and requested they pay him the wages due and owing to him.

30. Defendants promised Plaintiff that he would be paid for these hours in cash at a later time. Upon information and belief, Defendants had no intent on paying Plaintiff for these hours worked in cash or otherwise.

31. This was the first of many schemes by Defendants to deprive Plaintiff of his wages. Defendants knew that Plaintiff was entitled to these wages and depended on these wages, yet failed to pay him these wages.

32. Plaintiff has still never been paid for the hours worked on his first two days of employment with Defendants. For these hours worked, Plaintiff was not paid minimum wage.

33. Fearing that Defendants would try and deprive him of his wages again, Plaintiff began to check his pay stubs every period to compare the hours Defendants paid him versus the hours he actually worked.

34. On many of these pay stubs Defendants had not paid Plaintiff for all hours worked, consisting of both regular and overtime hours.

35. For example, during the pay period of July 9, 2018 to July 15, 2018 Plaintiff worked 52.5 hours for Defendants, yet Defendants only paid him for 45 hours worked.

36. These additional 7.5 hours should have been overtime hours for Plaintiff, yet Defendant had failed to even pay Plaintiff the minimum wage for these hours worked.

37. Additionally, for this same period, Plaintiff was forced to spend sixty dollars of his own money filling up Defendants' work vehicle with gasoline so that Plaintiff could continue working for Defendants.

38. Upon information and belief, Plaintiff and Defendants had an agreement where Defendants would reimburse Plaintiff for any gasoline Plaintiff had to purchase for the work vehicle he was using to do Defendants' work.

39. Defendants refusal to reimburse Plaintiff was a breach of this agreement.

40. Beginning in approximately September of 2018, Plaintiff's standard rate of pay rose to $21.00 an hour. Plaintiff's overtime rate rose to $31.50.

41. Defendant's pattern of not paying Plaintiff all hours worked or for all overtime worked continued throughout his employment, despite Plaintiff's continued attempts to have Defendants pay him for all hours worked.

42. For instance, for the pay period of March 4, 2019 through March 10, 2019, Plaintiff was only paid for 41 hours worked despite working 45 hours for Defendants.

43. After nearly every inaccurate pay stub Plaintiff would talk to Defendants about their failure to pay him for all hours worked. At some point Defendants' promises of payment ceased and Filla began to yell at Plaintiff whenever Plaintiff would confront Defendants about his unpaid wages.

44. More egregious, following some of these instances where Plaintiff demanded payment, Defendants would cut Plaintiff's hours and tell him that they would not have work for Plaintiff that day, sometimes going on for several days.

45. Upon information and belief, this practice of telling Plaintiff there was no work was done in retaliation for Plaintiff demanding to be paid his wages due and owing.

46. Defendants continued their practices of shorting Plaintiff's hours on his pay stubs depriving him numerous regular and overtime hours.

47. Upon information and belief, Defendants did not post any of the required displays under FLSA and when Plaintiff requested information or a manual that outlined Defendants practices, Defendants refused to provide him anything.

48. In addition to the aforementioned wage and hour issues Plaintiff experienced, Defendants also breached their contract with Plaintiff by failing to pay him on time.

49. On several occasions when Plaintiff would go to deposit his paycheck there would be insufficient funds to pay the check and Plaintiff would incur overdraft fees when later trying to pay his living expenses as they came due.

50. Defendants were well aware that Plaintiff relied on the wages Defendants paid him for things like groceries, utilities, and other living expenses.

51. On several occasions it would take until the Monday or Tuesday after the Friday Plaintiff was supposed to be paid for Plaintiff to finally be paid.

52. Defendants failure to pay all hours worked, retaliatory practices of cutting Plaintiff's days of work, and inconsistency in having the funds to pay Plaintiff left Plaintiff with no choice but to seek other employment.

53. Plaintiff was constructively discharged from Defendants' employment at the end of October, 2019.

54.    Plaintiff is unable to know exactly how many regular and overtime hours he was unpaid at this point because of the pervasive nature of Defendants' schemes to not pay him for all hours worked.

55.    Plaintiff is aware of at least 100 hours worked that Defendants refused to compensate him for, much less pay him minimum wage or his contract rate for.

56.    Plaintiff has made numerous demands for his wages to Defendants and otherwise attempted to resolve this amicably without incurring the expenses of litigation.

57.    As of the date of this filing, Defendants have failed to pay Plaintiff many of his wages as set forth above.

58.    As a result of this failure, Plaintiff has been damaged in that he has suffered lost wages, duress, hardship, and frustration.

## **COUNT I – VIOLATION OF THE FLSA**

59.    Plaintiff incorporates by reference all prior paragraphs.

60.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at least the statutory minimum wage for many regular hours worked, when it knew or should have known such was due and that non-payment would financially injure Plaintiff.

61.    Additionally, Defendants failed to compensate Plaintiff at a rate of one and a half times his base rate of pay for hours worked in excess of forty during any given one week pay period.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

63. Plaintiff is entitled to an award of his reasonable attorney's fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

## COUNT II - VIOLATIONS OF THE MMWL

64. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

65. In violation of Missouri Statute 290.502(1), Defendants refused to pay Plaintiff whatsoever for many of his hours worked.

66. Defendants are liable to Plaintiff for the full amount of the regular time wages that it failed to pay him, in addition to an equal amount as liquidated damages.

67. Defendants are liable to Plaintiff for the full amount of the overtime wages that it failed to pay him, in addition to an equal amount as liquidated damages.

68. Defendants are liable to pay Plaintiffs's attorneys' fees and costs.

69. Defendants' actions set forth above damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him actual damages, compensatory damages, nominal damages, punitive damages, double the amount of unpaid regular time, double the amount of overtime, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

70. Plaintiff incorporates all prior paragraphs as if fully stated herein.

71. Plaintiff and Defendants entered into a contract whereby Defendants were to pay Plaintiff a set hourly wage for his work, time and a half for all hours worked in excess of forty per pay period, and wages would be paid on the same day each week.

72. In exchange, Plaintiff promised to, and in fact did, work the hours that Defendants dictated.

73. Over the relevant time period, Plaintiff performed all such work in accordance with the parties' contract.

74. Defendants breached the agreement by failing to pay Plaintiff for regular hours, overtime hours, and for failing to provide Plaintiff his pay on the days and times it was supposed to be paid to him.

75. Defendants' breach of the parties' contract is without excuse or justification.

76. Defendants breach of the parties' contract has caused Plaintiff to suffer damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, award him damages consisting of the unpaid regular wages, unpaid overtime wages, consequential damages, and that this Court award Plaintiffs all other and further relief that the Court deems just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas
Richard A. Voytas, Jr. # 52046 MO
Nathan K Bruns #71812 MO
Ross & Voytas, LLC
12444 Powerscourt Drive Suite 370
St. Louis, MO 63131
(314) 394-0605 (telephone)
(314) 636-333-1212 (facsimile)
rick@rossvoytas.com
bruns@rossvoytas.com

Attorneys for Plaintiff